1

2

3

4

5

6

7

8

# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

9    EDWARD SAMUEL FULLER,          CASE NO. 1:12-cv-00956-LJO-SKO PC

10            Plaintiff,          ORDER DENYING MOTION FOR RECONSIDERATION

11      v.

                                     (Doc. 11)

12    AIKENS, et al.,

13            Defendants.

                                         /

14

15       Plaintiff Edward Samuel Fuller, a state prisoner proceeding pro se and in forma pauperis,

16 filed this civil rights action pursuant to 42 U.S.C. § 1983 on June 13, 2012.  On August 9, 2012,

17 Plaintiff filed a motion seeking reconsideration of the Magistrate Judge's order denying his motion

18 for the appointment of counsel.

19 **I.     Legal Standard**

20       Federal Rule of Civil Procedure 60(b)(6) allows the Court to relieve a party from an order

21 for any reason that justifies relief.  Rule 60(b)(6) "is to be used sparingly as an equitable remedy to

22 prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist.

23 Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation

24 omitted).  The moving party "must demonstrate both injury and circumstances beyond his control

25 . . . ."  Id. (internal quotation marks and citation omitted).  In seeking reconsideration of an order,

26 Local Rule 78-230(k) requires Plaintiff to show "what new or different facts or circumstances are

27 claimed to exist which did not exist or were not shown upon such prior motion, or what other

28 grounds exist for the motion."

1

1    "A motion for reconsideration should not be granted, absent highly unusual circumstances,

2 unless the district court is presented with newly discovered evidence, committed clear error, or if

3 there is an intervening change in the controlling law," and it "may *not* be used to raise arguments or

4 present evidence for the first time when they could reasonably have been raised earlier in the

5 litigation." Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir.

6 2009) (internal quotations marks and citations omitted) (emphasis in original).

7 **II.      Discussion and Order**

8    In cases such as this, the Court may request the voluntary assistance of counsel pursuant to

9 28 U.S.C. § 1915(e)(1) only if exceptional circumstances exist. Palmer v. Valdez, 560 F.3d 965, 970

10 (9th Cir. 2009); Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986).  In making this

11 determination, the Court is required to evaluate the likelihood of success on the merits and the ability

12 of Plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved.

13 Palmer, 560 F.3d at 970 (citation and quotation marks omitted); Wilborn, 789 F.2d at 1331.

14    The Magistrate Judge did not err in denying Plaintiff's motion for the appointment of

15 counsel, which was brought shortly after suit was filed. Marlyn Nutraceuticals, Inc., 571 F.3d at 880.

16  Once the Court is able to evaluate Plaintiff's likelihood of success on the merits, it will take into

17 consideration Plaintiff's ability to prosecute his case in light of his vision impairment. Palmer, 560

18 F.3d at 970; Wilborn, 789 F.2d at 1331.  At *this* juncture in the proceedings, however, exceptional

19 circumstances warranting the appointment of counsel do not exist.[1]

20    Based on the foregoing, Plaintiff's motion for reconsideration is HEREBY DENIED.

21

22

23 IT IS SO ORDERED.

24 **Dated:     August 15, 2012**                      **/s/ Lawrence J. O'Neill**
                                              UNITED STATES DISTRICT JUDGE

25

26

27

---

28    [1] Plaintiff's complaint is pending screening on the merits. 28 U.S.C. § 1915A.  There is a large volume of
cases pending in this district and Plaintiff's complaint it will be screened in due course.

2