# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD SAMUEL FULLER, | Case No. 1:12-cv-00956-LJO-SKO (PC) |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT FOR FAILURE TO EXHAUST BE GRANTED |
| v. | |
| AIKENS, et al., | |
| Defendants. | (Doc. 37) |
| | TWENTY-DAY OBJECTION DEADLINE |

**Findings and Recommendations on Defendants' Exhaustion Motion**

## I. Procedural History

Plaintiff Edward Samuel Fuller ("Plaintiff"), a state prisoner, filed this civil rights action pro se and in forma pauperis on June 13, 2012. 42 U.S.C. § 1983. The Court appointed voluntary counsel to represent Plaintiff on March 12, 2013, 28 U.S.C. 1915(e)(1), and pursuant to the second screening order, this action for damages is proceeding on Plaintiff's second amended complaint against Defendants Emerson, Palifox, Jones, Hebberly, and Aikens ("Defendants") for failing to protect Plaintiff, in violation of the Eighth Amendment of the United States Constitution, 28 U.S.C. § 1915A. (Docs. 22, 24, 29.)

On May 20, 2014, Defendants filed a motion for summary judgment based on Plaintiff's failure to exhaust the available administrative remedies in compliance with 42 U.S.C. § 1997e(a). Fed. R. Civ. P. 56(a); *Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014) (en banc), *cert. denied*,

135 S.Ct. 403 (2014). (Doc. 37.) Plaintiff filed an opposition on June 6, 2014, Defendant filed a reply on June 10, 2014, and the motion was submitted on the record without oral argument pursuant to Local Rule 230(*l*). (Docs. 39, 40.)

## II.     **Legal Standard**

Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). This statutory exhaustion requirement applies to all inmate suits about prison life, *Porter v. Nussle*, 534 U.S. 516, 532, 122 S.Ct. 983 (2002) (quotation marks omitted), regardless of the relief sought by the prisoner or the relief offered by the process, *Booth v. Churner*, 532 U.S. 731, 741, 121 S.Ct. 1819 (2001), and unexhausted claims may not be brought to court, *Jones v. Bock*, 549 U.S. 199, 211, 127 S.Ct. 910 (2007) (citing *Porter*, 534 U.S. at 524).

The failure to exhaust is an affirmative defense, and the defendants bear the burden of raising and proving the absence of exhaustion. *Jones*, 549 U.S. at 216; *Albino*, 747 F.3d at 1166. "In the rare event that a failure to exhaust is clear from the face of the complaint, a defendant may move for dismissal under Rule 12(b)(6)." *Albino*, 747 F.3d at 1166. Otherwise, the defendants must produce evidence proving the failure to exhaust, and they are entitled to summary judgment under Rule 56 only if the undisputed evidence, viewed in the light most favorable to the plaintiff, shows he failed to exhaust. *Id.*

Any party may move for summary judgment, and the Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a) (quotation marks omitted); *Albino*, 747 F.3d at 1166; *Washington Mut. Inc. v. U.S.*, 636 F.3d 1207, 1216 (9th Cir. 2011). Each party's position, whether it be that a fact is disputed or undisputed, must be supported by (1) citing to particular parts of materials in the record, including but not limited to depositions, documents, declarations, or discovery; or (2) showing that the materials cited do not establish the presence or absence of a genuine dispute or that the opposing party cannot produce admissible

evidence to support the fact. Fed. R. Civ. P. 56(c)(1) (quotation marks omitted). The Court may consider other materials in the record not cited to by the parties, although it is not required to do so. Fed. R. Civ. P. 56(c)(3); *Carmen v. San Francisco Unified Sch. Dist.*, 237 F.3d 1026, 1031 (9th Cir. 2001); *accord Simmons v. Navajo Cnty., Ariz.*, 609 F.3d 1011, 1017 (9th Cir. 2010).

The defendants bear the burden of proof in moving for summary judgment for failure to exhaust, *Albino*, 747 F.3d at 1166, and they must "prove that there was an available administrative remedy, and that the prisoner did not exhaust that available remedy," *id.* at 1172. If the defendants carry their burden, the burden of production shifts to the plaintiff "to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." *Id.* This requires the plaintiff to "show more than the mere existence of a scintilla of evidence." *In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 387 (9th Cir. 2010) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252, 106 S.Ct. 2505 (1986)). "If the undisputed evidence viewed in the light most favorable to the prisoner shows a failure to exhaust, a defendant is entitled to summary judgment under Rule 56." *Albino*, 747 F.3d at 1166. However, "[i]f material facts are disputed, summary judgment should be denied, and the district judge rather than a jury should determine the facts." *Id.*

**III.    Discussion**

      **A.    Description of CDCR's Administrative Remedy Process**

Plaintiff is a state prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"), and CDCR has an administrative remedy process for inmate grievances. Cal. Code Regs. tit. 15, § 3084.1 (2014). Compliance with section 1997e(a) is mandatory and state prisoners are required to exhaust CDCR's administrative remedy process prior to filing suit in federal court. *Woodford v. Ngo*, 548 U.S. 81, 85-86, 126 S.Ct. 2378 (2006); *Sapp v. Kimbrell*, 623 F.3d 813, 818 (9th Cir. 2010). The administrative remedy process is initiated by submitting a CDCR Form 602 "Inmate/Parolee Appeal" within thirty calendar days (1) of the event or decision being appealed, (2) upon first having knowledge of the action or decision being appealed, or (3) upon receiving an unsatisfactory departmental response to an appeal filed. Tit. 15, §§ 3084.2(a), 3084.8(b)(1) (quotation marks omitted). The appeal must "describe the specific issue under

appeal and the relief requested," and the inmate "shall list all staff member(s) involved and shall describe their involvement in the issue." § 3084.2(a).  Furthermore, the inmate "shall state all facts known and available to him/her regarding the issue being appealed at the time of submitting the Inmate/Parolee Appeal Form, and if needed, the Inmate Parolee/Appeal Form Attachment." § 3084.2(a)(4).

### B. Parties' Positions

#### 1. Plaintiff's Allegations

In his second amended complaint, Plaintiff alleges that between December 14, 2011, and August 2012, he was housed on a Level IV yard where he was exposed to threats of violence and repeated theft of his property. (Doc. 24, 2nd Amend. Comp., ¶¶9, 21.) Plaintiff complained to Defendants Emerson and Palifox that inmates were stealing his canteen and that his cellmate, inmate Cunningham, had threatened numerous times to attack him. (*Id.*, ¶¶11, 13.) Plaintiff asked Defendants Emerson and Palifox to protect him from inmate Cunningham and showed them documentation that he had been misclassified due to staff error, but they ignored his requests. (*Id.*, ¶14.)  Plaintiff complained to Defendants Jones and Hebberly that inmate Cunningham had repeatedly threatened to attack him and that other inmates were stealing his canteen and other personal property; and he showed them documentation that he had been misclassified based on staff error. (*Id.*, ¶¶15, 16.)  Plaintiff also complained to Defendant Aikens about inmate Cunningham's threats against him and the theft of his property, he showed Aikens documentation that he had been misclassified due to staff error, and he requested that Aikens protect him from inmate Cunningham and either return him to Level II housing or place him in administrative segregation. (*Id.*, ¶¶17, 18.)  On April 12, 2012, Plaintiff was attacked and injured by inmate Cunningham, but he was retained on the Level IV yard until August 2012. (*Id.*, ¶¶19, 21.)

#### 2. Defendants' Argument in Support of Summary Judgment

Defendants move for summary judgment on the ground that Plaintiff failed to file an inmate appeal grieving the facts underlying his Eighth Amendment failure-to-protect claim. Plaintiff was reclassified from a Level II inmate to a Level IV inmate on December 2, 2011, and he thereafter submitted inmate appeal log number SATF-D-12-366, dated December 23, 2011.

4

(2nd Amend. Comp., Pl. Exs. A, E.) In that appeal, he contended that staff falsified documents, which caused him to be "mishoused" and placed in administrative segregation. (*Id.*, Pl. Ex. E.) Defendants contend that this appeal was submitted prior to the attack described in Plaintiff's complaint and the appeal did not grieve the events underlying his failure-to-protect claim. (Pl. Ex. E.) Moreover, because Plaintiff did not submit any other inmate appeals regarding threats against him from inmate Cunningham or an attack against him by inmate Cunningham, he failed to exhaust his failure-to-protect claim, thereby entitling Defendants to judgment for failure to exhaust. (Doc. 37, Motion, Def. Ex. A, Corral Dec., ¶4.)

### 3. **Plaintiff's Opposition Argument**

In response, Plaintiff concedes he did not submit an appeal seeking protection from inmate Cunningham or referring to threats or the attack by inmate Cunningham, but he argues he nevertheless successfully prosecuted inmate appeal log number SATF-D-12-366 grieving his misclassification and he withdrew the appeal once he was assured he would be moved to Level II housing. (Doc. 39, Opp., Pl. Stmt. of Undisp. Facts; 2nd Amend. Comp., Pl. Ex. E.) Plaintiff contends that Defendants continued to ignore the directive, however, and retained him on the Level IV yard, where he was exposed to danger at the hands of dangerous Level IV inmates. Plaintiff argues that once he obtained the remedy he sought, he had nothing further to gain from the appeals process and he was not required to continue pursuit of the appeal.

### C. **Findings**

As Plaintiff correctly argues, "[a]n inmate has no obligation to appeal from a grant of relief, or a partial grant of relief that satisfies him, in order to exhaust his administrative remedies." *Harvey v. Jordan*, 605 F.3d 681, 685 (9th Cir. 2010). "Nor is it the prisoner's responsibility to ensure that prison officials actually provide the relief that they have promised." *Harvey*, 605 F.3d at 685. Thus, Plaintiff's inmate appeal regarding his misclassification from a Level II inmate to a Level IV inmate appears to be exhausted. *Harvey*, 605 F.3d at 685. (2nd Amend. Comp., Pl. Ex. E p. 2, Pl. Ex. F.) The relevant issue here, however, is whether that inmate appeal was also sufficient to exhaust the administrative remedies as to the failure-to-protect claim being litigated in this action. § 1997e(a).

An appeal "suffices to exhaust a claim if it puts the prison on adequate notice of the problem for which the prisoner seeks redress," and "the prisoner need only provide the level of detail required by the prison's regulations." *Sapp*, 623 F.3d at 824. CDCR's regulations require a description of "the specific issue under appeal and the relief requested," and a description of the staff members involved and their involvement.[1] § 3084.2(a).

The Court finds that Plaintiff's appeal of his misclassification did not suffice to exhaust his failure-to-protect claim because the appeal did not place prison officials on notice that inmates were stealing his personal property, that inmate Cunningham was threatening him, or that he brought the thefts and threats to staff's attention but they disregarded his requests for protection from harm at the hands of the inmates on the Level IV yard. § 3084.2(a); *Sapp*, 623 F.3d at 824. Although Plaintiff mentions being injured twice in the appeal, those incidents occurred prior to the events on the Level IV yard which are issue in this action.[2] Even under the prior regulations, which required only a description of the problem and constituted a "low floor," *Griffin v. Arpaio*, 557 F.3d 1117, 1120 (9th Cir. 2009), Plaintiff's appeal would not have sufficed to alert prison officials to the nature of the wrong for which redress is now sought, *Sapp*, 623 F.3d at 824 (quotation marks omitted); *accord Akhtar v. Mesa*, 698 F.3d 1202, 1211 (9th Cir. 2012). The regulations in effect in 2011 and 2012 required notice of the "specific issues," and Plaintiff's classification appeal did not suffice to provide notice as the issues underlying his failure-to-protect claim.

Accordingly, the Court finds that Plaintiff did not exhaust his Eighth Amendment failure-to-protect claim and Defendants are entitled to summary judgment. Fed. R. Civ. P. 56; *Albino*, 747 F.3d at 1166.

///

///

---

[1] CDCR amended its relevant regulations as an emergency on December 13, 2010; the regulations became operative on January 28, 2011; and the Certificate of Compliance was transmitted to the Office of Administrative Law on June 15, 2011, and filed on July 28, 2011. Tit. 15, § 3084.2, History. Thus, at the time of the events at issue in this action, the current regulations applied.

[2] Those injuries occurred prior to Plaintiff's placement in administrative segregation on December 2, 2011.

**IV.     Recommendations**

For the reasons set forth herein, Court RECOMMENDS that Defendants' motion for summary judgment for failure to exhaust, filed on May 20, 2014, be GRANTED.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **twenty (20) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  *Wilkerson v. Wheeler*, __ F.3d __, __, No. 11-17911, 2014 WL 6435497, at *3 (9th Cir. Nov. 18, 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **January 5, 2015**                          /s/ Sheila K. Oberto
                                                  UNITED STATES MAGISTRATE JUDGE